IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2003

## STATE OF TENNESSEE v. JOHN BREWER

**Direct Appeal from the Circuit Court for Maury County**
**Nos. 12425, 12864     Stella Hargrove, Judge**

_____

**No. M2002-02749-CCA-R3-CD - Filed November 13, 2003**

_____

The defendant pled guilty to aggravated burglary, theft over $1000, and vandalism and was sentenced to five years probation. Subsequently, after the defendant tested positive for marijuana and his probation officer filed a probation violation report, the trial court revoked his probation following a hearing. The defendant appeals, arguing that the trial court erred in relying upon a laboratory report showing marijuana in his urine because the accompanying affidavit had not been executed by the technician who performed the test but by the assistant laboratory director. Following our review, we affirm the order of the trial court revoking the defendant's probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Claudia S. Jack, District Public Defender, and Robin Farber, Assistant Public Defender, for the appellant, John Brewer.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and Christi L. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On August 13, 2001, the defendant, John Brewer, pled guilty to aggravated burglary and theft over $1000 in exchange for two, three-year post-plea diversions to be served concurrently. On February 11, 2002, the defendant's diversion was revoked because he failed to report to his probation officer and tested positive for marijuana, and he was placed on supervised probation for three years. On this date, the defendant also pled guilty to vandalism, for which he received a two-year suspended sentence to be served on supervised probation. This two-year probationary period was ordered to

be served consecutively to his previous three-year probationary sentence for a total of five years of probation.

On April 2, 2002, Christie Dickey, the defendant's probation officer, filed a probation violation report because the defendant tested positive for marijuana. A probation revocation hearing was held on October 7, 2002, during which Dickey testified that the defendant had "field tested positive for marijuana." Dickey stated that she forwarded the results to Aegis Analytical Laboratories for testing. The laboratory report, which was admitted into evidence, showed that the defendant had in fact tested positive for marijuana.

At the hearing, the defendant objected to the introduction of the laboratory report and the accompanying affidavit because the test was conducted by Mark Young, a laboratory technician, and the affidavit certifying the results was executed by Dr. Timothy A. Robert, Assistant Laboratory Director. The trial court admitted this report over the defendant's objections and revoked the defendant's probation.

## ANALYSIS

The defendant argues that the court erred in revoking his probation. A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311. The revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). We review this issue, therefore, for an abuse of discretion.

The affidavit of Dr. Robert sets out that he is the assistant laboratory director of Aegis Analytical Laboratories and details his education and credentials, stating then in pertinent part:

> This affidavit is made of my own personal knowledge and is true and correct and accurate in all respects. . . . The specimen and all portions thereof were handled with strict chain-of-custody documentation and all testing was performed according to accepted laboratory practices. Confirmation testing by gas chromatography/mass spectrometry (GC/MS) for Cannabinoids (Marijuana) by Mark Young on March 26, 2002 was positive for

Carboxy-THC at a concentration of 88 ng/mL. After review and certification, these results were reported on March 26, 2002. These results are consistent with use of marijuana within 5 days prior to specimen collection.

I, Timothy A. Robert, certify that all established Aegis Analytical Laboratory and T.D.O.C. procedures, protocols, and chain of custody were followed in the testing of this specimen. The method of testing used is the most accurate for this particular drug and the results were reliable and accurate. I further affirm that the information provided in this affidavit is true and factual to the best of my belief and knowledge. I understand that submission of false information in this affidavit may subject me to prosecution for the criminal offense of perjury pursuant to T.C.A. 39-16-702.

The defendant argues that the trial court's admission of the affidavit of Dr. Robert and reliance upon it to revoke his probation violate his rights both to confront the witnesses against him and to due process. We will review these claims.

To support his argument that the trial court erred in relying upon the affidavit of Dr. Robert, the defendant cites State v. Wade, 863 S.W.2d 406, 409-10 (Tenn. 1993), in which our supreme court determined that the revocation of the defendant's probation could not be based upon a laboratory report without a finding of proof that the report was reliable and good cause as to the absence of the technician who had tested the sample. Subsequently, in State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997), this court concluded that an affidavit and laboratory report were admissible in the absence of a witness testifying as to the test results when the affidavit, unlike that in Wade, identified the person certifying the drug test and stated his qualifications; specifically described the method of testing and stated that it was the most accurate method for identifying the particular type of drug which was found; certified that the results of the test were accurate and reliable; and declared that established procedures and protocols were followed in the testing process. In 1998, Tennessee Code Annotated section 40-35-311 was amended to add the following section regarding admission of a laboratory report at a probation revocation proceeding:

A laboratory report regarding a defendant's drug test may be admissible in probation revocation proceedings, even though the laboratory technician who performed the test is not present to testify, when accompanied by an affidavit containing at least the following information:

(A) The identity of the certifying technician;
(B) A statement of qualifications from the certifying technician;
(C) A specific description of the testing methodology;

-3-

(D) A statement that the method of testing was the most accurate test for this particular drug;

(E) A certification that the test results were reliable and accurate;

(F) A declaration that all established procedures and protocols were followed; and

(G) A statement of acknowledgment that submission of false information in the affidavit may subject the affiant to prosecution for the criminal offense of perjury pursuant to § 39-16-702.

Tenn. Code Ann. § 40-35-311(c)(1).

The defendant argues both that this statute is unconstitutional and that its requirements were not satisfied because the affiant was the assistant laboratory director, rather than the technician who performed the test. We respectfully disagree with these arguments. As the United States Supreme Court explained in Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484 (1972), the defendant at a revocation hearing has "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." Additionally, the court explained that "the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." Id.

We believe that the requirements set out in Tennessee Code Annotated section 40-35-311(c)(1) are intended to comply with the holding in Morrissey, to balance the defendant's rights to due process and to confront witnesses with the need for certain flexibility at a revocation hearing. Accordingly, the statute is not unconstitutional. Additionally, since this statute is intended to make certain that only reliable evidence is allowed at a revocation hearing, including that appropriate testing methods and protocols were utilized, knowledge which would not appear to be limited to the technician who performed the tests, we disagree that only this person may be the affiant of an affidavit submitted pursuant to Tennessee Code Annotated section 40-35-311(c)(1).

## **CONCLUSION**

Based on the foregoing reasoning and authorities, we affirm the order of the trial court revoking the defendant's probation.

_____
ALAN E. GLENN, JUDGE

-4-